**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

*Attorneys for Plaintiff,*
Mamadou M'Baye

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MAMADOU M'BAYE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**DIAGEO AMERICAS SUPPLY, INC. d.b.a.  THE BULLEIT DISTILLING CO.,**<br><br>Defendants. | **'15CV1216 L    BGS**<br>**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>1.) **CALIFORNIA BUS. & PROF. §§ 17500 ET SEQ.**<br><br>2.) **CALIFORNIA BUS. & PROF. §§ 17200 ET SEQ.**<br><br>3.) **NELIGENCT MISREPRESENTATION**<br><br>4.) **INTENTIONAL MISREPRESENTATION**<br><br>**JURY TRIAL DEMANDED** |

*Vertical left margin:* KAZEROUNI LAW GROUP, APC   245 FISCHER AVENUE, UNIT D1   COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### INTRODUCTION

1. Plaintiff, MAMADOU M'BAYE ("M'Baye" and/or "Plaintiff") brings this statewide Class Action Complaint to enjoin the deceptive advertising and business practices of DIAGEO AMERICAS SUPPLY, INC. d.b.a. THE BULLEIT DISTILLING CO. ("Bulleit" and/or collectively "Defendants") with regard to Defendants' false and misleading promotion of their bourbon.

2. Defendants promote their **red/orange label** Bulleit Bourbon ("Bulleit Bourbon") products as being "DISTILLED, AGED AND BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY" when in fact Defendants bourbon is not "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY."

3. Based on information and belief, Plaintiff alleges that Defendants' do not currently operate a distillery in Lawrenceburg, Kentucky and in fact have its bourbon products "distilled" and/or produced by the Kirin Brewing Company, Limited.

4. Defendants promote and market their Bulleit Bourbon products as being "DISTILLED, AGED AND BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY" via their website and the products' actual label. Defendants' attach these untrue and misleading labels to all of the Bulleit Bourbon bottles they market and sell throughout the state of California and throughout the United States.

5. This nationwide sale and advertising of deceptively labeled products constitutes: (1) a violation California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 et seq.; (2) a violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; (3) negligent misrepresentation; and (4) intentional misrepresentation. This

conduct caused Plaintiff and others similarly situated damages, and requires restitution and injunctive relief to remedy and prevent further harm.

6. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendants.

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court arises under 28 U.S.C. § 1332(d), as the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which a named Plaintiff is a citizen of a State different than at least one Defendant.

8. Based upon information and belief, Plaintiff alleges that Defendants' revenue for the year of 2014 was approximately $5.5 billion[1], which was in large part due from Defendants' red/orange label Bulleit Bourbon. Based upon the high advertised price of Defendants' product and its nationwide availability, Plaintiff is informed, believes, and thereon alleges the Class damages exceed the $5,000,000 threshold as set by 28 U.S.C. § 1332(d) for a diversity jurisdiction class action.

9. The Court has personal jurisdiction over Defendants because Defendants conduct business in the County of San Diego, State of California. Therefore, Defendants have sufficient minimum contacts with this state, and otherwise purposely avail themselves of the markets in this state through the promotion, sale, and marketing of their products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

---

[1] *See,* Janet Patton, *Diageo Reports Soft Year Despite Surge In Bulleit Bourbon Sales,* Kentucky.com (July 31, 2014), http://www.kentucky.com/2014/07/31/3359937/diageo-reports-soft-year-despite.html
[2] *See*, Sam Grobart, *Bourbon Bait and Switch: What's Really in Your Glass?*, Bloomberg

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

10. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district, as Plaintiff purchased Defendants' bourbon in this district; (iii) Defendants conducted and do substantial business in the County of San Diego, State of California; and (iv) Defendants are subject to personal jurisdiction in this district.

## PARTIES

11. Plaintiff, Mamadou M'baye, is a natural person who resides in the County of San Diego, State of California, who was negligently and/or intentionally induced into purchasing Defendants' falsely advertised product.

12. Defendants are a corporation incorporated under the laws of the State of New York, with its principal executive office in the State of Connecticut. Defendants do business within the State of California and within this district.

## NATURE OF THE CASE

13. Plaintiff repeats, re-alleges and incorporates by reference the above allegations as if fully stated herein.

14. At all times relevant, Defendants made, and continue to make, affirmative misrepresentations regarding the Bulleit Bourbon they market and sell. Specifically, Defendants packaged, advertised, marketed, promoted, and sold their Bulleit Bourbon to Plaintiff and other consumers similarly situated as being "DISTILLED, AGED AND BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY."

15. However, based on information and belief, Plaintiff alleges that Defendants do not currently operate a distillery in Lawrenceburg, Kentucky and in fact Defendants' bourbon is "distilled" and/or produced by Kirin Brewing

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1  Company, Limited, a separate and distinct entity.[2]

16. Specifically, news articles from Bloomberg Business,[3] which also contains a video, and Fox Business,[4] clearly demonstrate that Defendants' do not currently operate a "Bulleit Distilling Co." in Lawrenceburg, Kentucky and that in fact Defendant's bourbon is "distilled" and/or produced by Kirin Brewing Company, Limited, a distinct entity and the producers of Four Roses bourbon.

17. For example, an article from Bloomberg Business, titled *Bourbon Bait and Switch: What's Really in Your Glass?,* states, "[t]ake Bulleit. Despite saying on the label that it's "distilled by the Bulleit Distilling Company in Lawrenceburg, Kentucky, there is in fact, no such thing." *See*, Sam Grobart, *Bourbon Bait and Switch: What's Really in Your Glass?*, Bloomberg Business (May 27, 2015), http://www.bloomberg.com/news/articles/2015-05-27/bourbon-bait-and-switch-what-s-really-in-your-glass-. Similarly, an article from Fox Bussiness, titled "*Global Liquor Giant Diageo To Produce Bulleit Bourbon, Rye Whiskeys At New Kentucky Distillery,*" states that "Bulleit Bourbon is currently made at a non-Diageo distillery in Kentucky." *See,* Author Unknown, *Global Liquor Giant Diageo To Produce Bulleit Bourbon, Rye Whiskeys At New Kentucky Distillery*, Fox Business (August 21, 2014), http://www.foxbusiness.com/markets/2014/08/21/global-liquor-giant-diageo-

---

[2] *See*, Sam Grobart, *Bourbon Bait and Switch: What's Really in Your Glass?*, Bloomberg Business (May 27, 2015), http://www.bloomberg.com/news/articles/2015-05-27/bourbon-bait-and-switch-what-s-really-in-your-glass-; *see also*, Author Unknown, *Global Liquor Giant Diageo To Produce Bulleit Bourbon, Rye Whiskeys At New Kentucky Distillery*, Fox Business (August 21, 2014), http://www.foxbusiness.com/markets/2014/08/21/global-liquor-giant-diageo-to-produce-bulleit-bourbon-rye-whiskeys-at-new/; *see also*, Chuck Cowdery, *Who Makes Bulleit Bourbon?*, The Chuck Cowdery Blog (February 26, 2014), http://chuckcowdery.blogspot.com/2014/02/who-makes-bulleit-bourbon.html.
[3] Grobart, *supra* footnote 2.
[4] *Global Liquor Giant Diageo To Produce Bulleit Bourbon, Rye Whiskeys At New Kentucky Distillery*, *supra* footnote 2.

to-produce-bulleit-bourbon-rye-whiskeys-at-new/.

18. Defendants' Bulleit Bourbon products are marketed as a "small batch" consisting of only "ingredients of the very highest quality" that make Bulleit Bourbon "distinctively clean and smooth."[5] Accordingly, consumers have come to associate Bulleit Bourbon products as being higher-end products produced by Defendant's higher-end distillery. This association and public perception is evident in the marketplace, as Defendants' 1.75 LTR Bulleit Bourbon sells for approximately $52.99[6], while a similar 1.75 LTR bottle of bourbon, similar to the ones Defendants market and sell, sells for as little as $14.49.[7]

19. Defendants affix identical labels on all of their **red/orange label** Bulleit Bourbon products. On these labels, Defendants claim that Bulleit Bourbon is "DISTILLED, AGED AND BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY." *See* ¶¶ 33 and 34. This is done in an apparent attempt to market the bourbon as being "distilled" and/or manufactured by Defendant's own distillery (i.e., "THE BULLEIT DISTILLING CO,"), consequently implying a higher-end and higher-quality product. As a result, Defendants induce consumers to purchase, purcahse more of, and pay more for their bourbon on the basis that it was supposedly "distilled" and/or manufactured by Defendants at their own distillery.

20. However, based upon information and belief, Defendants do not currently operate a distillery in Lawrenceburg, Kentucky and in fact Defendants'

---

[5] *See*, *Bulleit Bourbon,* Bulleit.com, http://www.bulleit.com/whiskey.aspx#!bulleit-bourbon
[6] *See*, http://www.bevmo.com/Shop/ProductDetail.aspx/Spirits/Bourbon/The-Bulleit-Distilling-Co/Bulleit-Bourbon/22319
[7] *See,* the price listing for "bourbon" on the website of BevoMo, a retailer of alcohol, and available at: http://www.bevmo.com/Shop/ProductDetail.aspx/Spirits/Bourbon/Ten-High/Ten-High-Bourbon/556

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

bourbon is "distilled" and/or produced by Kirin Brewing Company, Limited, a separate and distinct entity.[8]

21. As a consequence of Defendants' unfair and deceptive practices, Plaintiff and other similarly situated consumers have purchased Bulleit Bourbon under the false impression that the bourbon was of superior quality by virtue of being "distilled" and/or manufactured by Defendants distillery.

22. Each consumer, including Plaintiff, was exposed to virtually the same material misrepresentations, as the identical labels were prominently placed on all of the Defendants' Bulleit Bourbon bottles that were sold, and are currently being sold, throughout the U.S. and the State of California.

23. As a result of Defendants' misrepresentations regarding their Bulleit Bourbon products, Plaintiff and other similarly situated consumers overpaid for the product, and/or purchased the product under the false believe that the bourbon they purchased was of superior quality since it was allegedly "distilled" and/or manufactured by Defendants. Had Plaintiff and other consumers similarly situated been made aware that Bulleit Bourbon was not "distilled" and/or manufactured by Defendants, they would not have purchased the product, or would have paid less for it, or purchased different products.

24. As a result of Defendants' false and misleading statements, as well as Defendants' other conduct described herein, Plaintiff and other similarly situated consumers purchased thousands, if not millions, of bottles of Bulleit Bourbon and have suffered, and continue to suffer, injury in fact including the loss of money and/or property.

25. Defendants' conduct as alleged herein violates several California laws, as more fully set forth herein.

---

[8] Grobart, *supra* footnote 2; *see also, Global Liquor Giant Diageo To Produce Bulleit Bourbon, Rye Whiskeys At New Kentucky Distillery*, supra footnote 2; *see also,* Cowdery, supra footnote 2.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

26. This action seeks, among other things, equitable and injunctive relief; restitution of all amounts illegally retained by Defendants; and disgorgement of all ill gotten profits from Defendants' wrongdoing alleged herein.

FACTUAL ALLEGATIONS

27. Plaintiff repeats, re-alleges and incorporates by reference the above allegations as if fully stated herein.

28. Defendants market and sell a red/orange label Bulleit Bourbon product. *See below,* ¶¶ 33 and 34.

29. Defendants promote their Bulleit Bourbon products via their website and the products' actual labels as being "DISTILLED, AGED AND BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY."

30. Based upon information and belief, Defendants do not currently operate a distillery in Lawrenceburg, Kentucky and in fact Defendants' bourbon is "distilled" and/or produced by Kirin Brewing Company, Limited.[9]

31. Although Defendants manufacture and sell varying sizes of their Bulleit Bourbon, a 750 ml bottle of Bulleit Bourbon, similar to the bottle purchased by Plaintiff, sells for approximately $ 29.99.[10]

32. All of Defendants' Bulleit Bourbon bottles display a label claiming that Bulleit Bourbon is "DISTILLED, AGED AND BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY." *See below,* ¶ 33 and 34.

33. Defendants' advertises its product with the following label, which

---

[9] Grobart, *supra* footnote 2; *see also, Global Liquor Giant Diageo To Produce Bulleit Bourbon, Rye Whiskeys At New Kentucky Distillery*, supra footnote 2; *see also,* Cowdery, supra footnote 2.

[10] *See,* price listing for Bulleit Bourbon, http://www.bevmo.com/Shop/ProductDetail.aspx/Spirits/Bourbon/Bulleit/Bulleit-Bourbon/18062

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

prominently claims their Bulleit Bourbon is distilled and manufactured by "THE BULLEIT DISTILLING CO.":



34. On or about May 31, 2015, Plaintiff, Mamadou M'Baye, purchased a bottle of Defendants' 750 ml Bulleit Bourbon, which displayed the offending label (*See,* ¶ 33), for $29.15 from a local liquor store in San Diego, California.



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626



16   35. Based on the representations that the product was "DISTILLED, AGED
17       AND BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED
18       BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG,
19       KENTUCKY," Plaintiff believed he was purchasing bourbon distilled and
20       manufactured by Defendant at its Bulleit Distilling Co., which consequently
21       was of superior quality and standard.
22   36. Although Defendants claim via their website and Bulleit Bourbon's label
23       that Bulleit Bourbon is "DISTILLED, AGED AND BOTTLED BY THE
24       BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT
25       DISTILLING CO … IN LAWRENCEBURG, KENTUCKY," Defendants'
26       bourbon is "distilled" and/or produced by Kirin Brewing Company, Limited,
27
28

a separate and distinct entity that produces Four Roses Bourbon.[11]

37. Based upon information and belief, Plaintiff alleges that Defendants do not currently operate a distillery in Lawrenceburg, Kentucky.[12]

38. As a result of Defendants' misrepresentations regarding their Bulleit Bourbon, Plaintiff and other putative class members were induced into purchasing and overpaying for the product believing that the bourbon they purchased was of superior quality because it was distilled and manufactured by Defendants at its distillery in Lawrenceburg, Kentucky.

39. Had Plaintiff and putative class members been made aware that Bulleit Bourbon was not in fact distilled and/or manufactured by Defendants at its distillery in Lawrenceburg, Kentucky, they would not have purchased the product, or would have paid less for it, or purchased a different product. Accordingly, Plaintiff and putative class members lost money and/or property as a result of Defendants' conduct complained of herein.

40. During the "Class Period," as defined below, Plaintiff and others similarly situated were exposed to and saw Defendants' advertising, marketing, and packaging claims disseminated by Defendants for the purpose of selling goods. As a result, Plaintiff and others similarly situated purchased Defendants' product in reliance on these claims, and suffered injury in fact and lost money and/or property as a result of Defendants' unfair, misleading and unlawful conduct described herein.

41. In making the decision to purchase Bulleit Bourbon, Plaintiff relied upon the advertising and/or other promotional materials prepared and approved by Defendants and their agents and disseminated through their product's packaging containing the misrepresentations alleged herein.

---

[11] Grobart, *supra* footnote 2; *see also, Global Liquor Giant Diageo To Produce Bulleit Bourbon, Rye Whiskeys At New Kentucky Distillery*, supra footnote 2; *see also,* Cowdery, supra footnote 2.
[12] *Id.*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

42. Through Defendants' marketing, consumers have come to associate Bourbon Bulleit products as being higher-end products produced by Defendant's higher-end quality manufacturing process. The demand for higher quality products has always existed amongst consumers and thus manufacturers market their products to those seeking higher quality goods and demand a premium price for that quality. This association and public perception is evident in the marketplace, as Defendants' 1.75 LTR Bulleit Bourbon sells for $52.99[13] while a similar 1.75 LTR bottle of bourbon, similar to the ones Defendants market and sell, sells for as little as $14.49.[14]

43. Defendants seek to capitalize on consumers' preference for higher quality bourbon, and to that end, have intentionally marketed their product as being "DISTILLED, AGED AND BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY." *See,* ¶¶ 33 and 34. Defendants' marketing techniques are intended to induce the purchase of their product, sell more of their product, and sell their product at a higher price in comparison to competitors' products.

44. Defendants' misleading advertising is publicly disseminated on a widespread and continuous basis during the Class Period as the offending label containing the bold and conspicuously placed text (i.e., "DISTILLED, AGED AND BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY") was affixed to all of the Defendants'

---

[13] *See,* the price listing for a 1.75 LTR Bulleit Bourbon on the website of BevoMo, a retailer of alcohol, and available at:
http://www.bevmo.com/Shop/ProductDetail.aspx/Spirits/Bourbon/The-Bulleit-Distilling-Co/Bulleit-Bourbon/22319

[14] *See,* the price listing for a similar 1.75 LTR "bourbon" bottle on the website of BevoMo, a retailer of alcohol, and available at:
http://www.bevmo.com/Shop/ProductDetail.aspx/Spirits/Bourbon/Ten-High/Ten-High-Bourbon/556

red/orange label Bulleit Bourbon bottles sold throughout the State of California and throughout the United States.

45. Defendants' label was untrue, false, and misleading to Plaintiff and putative class members as a reasonable consumer would have interpreted Defendants' claims according to their common meaning. Specifically, Plaintiff and the reasonable consumer would interpret Defendants' claim to mean that Bulleit Bourbon is "**DISTILLED**, AGED AND BOTTLED BY THE BULLEIT DISTILLING CO." and "**DISTILLED** BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY." Therefore, the reasonable consumer would have been misled into believing Bulleit Bourbon was in fact distilled by Defendant at its own distillery in Lawrenceburg, Kentucky.

46. Defendants knew, or in the exercise of reasonable care should have known, their labels were misleading. Defendants could have easily omitted the bold text from their bourbon packaging. However, Defendants deliberately chose to insert such text and intentionally or negligently retained that false claim within their product's packaging for the purpose of selling their product.

47. Defendants made a tactical decision to deceive consumers with the intent of reaping the financial benefit of the false, misleading, and deceptive advertising regarding the distilling and location of its bourbon, intentionally capitalizing on a reasonable consumer's trust in a nationally branded company perceived to supply quality bourbon.

<u>FIRST CAUSE OF ACTION FOR VIOLATIONS OF</u>

CAL. BUS. & PROF. CODE §§ 17500, ET SEQ.

[CALIFORNIA'S FALSE ADVERTISING LAW]

48. Plaintiff repeats, re-alleges and incorporates by reference the above allegations as if fully stated herein.

49. Plaintiff brings this cause of action on behalf of himself and on behalf of the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

putative Class.

50. Plaintiff and Defendants are each "person[s]" as defined by Cal. Bus. & Prof. Code § 17506. Cal. Bus. & Prof. Code § 17535 authorizes a private right of action on both an individual and representative basis.

51. The misrepresentations, acts, and non-disclosures by Defendants of the material facts detailed above constitute false and misleading advertising and therefore violate Cal. Bus. & Prof. Code §§ 17500 *et seq.*

52. At all times relevant, Defendants' advertising and promotion regarding their bourbon being "DISTILLED, AGED AND BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY," was untrue, misleading and likely to deceive the reasonable consumer and the public; and, in fact, has deceived Plaintiff and consumers similarly situated by representing that the product was "DISTILLED, AGED AND BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY" when in fact Defendants knew and failed to disclose that their bourbon was not distilled by or at "THE BULLEIT DISTILLING CO."

53. Defendants engaged in the false and/or misleading advertising and marketing, as alleged herein, with the intent to directly or indirectly induce the purchase of bourbon Defendants knew, or had reason to know, was not was not distilled by or at "THE BULLEIT DISTILLING CO."

54. In making and publicly disseminating the statements and/or omissions alleged herein, Defendants knew or should have known that the statements and/or omissions were untrue or misleading, and acted in violation of Cal. Bus. & Prof. Code §§ 17500 *et seq.*

55. Plaintiff and members of the putative Class have suffered injury in fact and have lost money and/or property as a result of Defendants' false advertising,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

as more fully set forth herein. Plaintiff and members of the Class have been injured because they were induced to purchase and overpay for Bulleit Bourbon. Plaintiff and members of the putative Class have been injured because had they been made aware that Bulleit Bourbon was not was not distilled by or at "THE BULLEIT DISTILLING CO.," they would have not purchased the bourbon, or would have paid less for the product, or would have purchased a different product from another manufacturer.

56. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendants have committed acts of untrue and misleading advertising and promotion of Bulleit Bourbon, as defined by Cal. Bus. & Prof. Code §§ 17500 et seq., by engaging in the false advertising and promotion of their bourbon as being "DISTILLED, AGED AND BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY" on their product's labeling.

57. The false and misleading advertising of Defendants, as described above, presents a continuing threat to consumers, as Defendants continue to use the deceptive labels and advertising, which will continue to mislead consumers who purchase Bulleit Bourbon under false premises.

58. As a direct and proximate result of the aforementioned acts and representations of Defendants, Defendants received and continue to hold monies rightfully belonging to Plaintiff and other similarly situated consumers who were led to purchase, purchase more of, or pay more for, Bulleit Bourbon, due to the unlawful acts of Defendants, during the Class Period.

///

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**SECOND CAUSE OF ACTION FOR VIOLATION OF**

**CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.**

**[CALIFORNIA'S UNFAIR COMPETITION LAW]**

59. Plaintiff repeats, re-alleges and incorporates by reference the above allegations as if fully stated herein.

60. Plaintiff and Defendants are each "person[s]" as defined by Cal. Bus. & Prof. Code § 17201. Cal. Bus. & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

61. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," four of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising."  The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

### A. "Unlawful" Prong

62. Because Defendants have violated California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*, Defendants have violated California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

63. Defendants had other reasonably available alternatives to further their legitimate business interest, other than the conduct described herein, such as selling Bulleit Bourbon without falsely stating that it was "DISTILLED, AGED AND BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY."

64. Plaintiff and the putative Class reserve the right to allege other violations of

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

### B. "Unfair" Prong

65. Defendants' actions and representations constitute an "unfair" business act or practice under § 17200, in that Defendants' conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  Without limitation, it is an unfair business act or practice for Defendants to knowingly or negligently represent to the consuming public, including Plaintiff, that Bulleit Bourbon is "DISTILLED, AGED AND BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY," when in fact it is not distilled by DISTILLED BY THE BULLEIT DISTILLING CO." Such conduct by Defendants is "unfair" because it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are led to believe that Bulleit Bourbon is of superior quality and workmanship by virtue of it being distilled by Defendant at its own distillery.

66. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendants have committed acts of unfair competition as defined by Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by engaging in the false advertising and promotion of Bulleit Bourbon as being "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY."

67. Defendants could have and should have furthered their legitimate business interests by expressly indicating in their labeling that Bulleit Bourbon is, in fact, made distilled at a separate and distinct distillery. Alternatively,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Defendants could have refrained from misstating that Bulleit Bourbon was "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY."

68. Plaintiff and other members of the Class could not have reasonably avoided the injury suffered by each of them. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date, as Defendants have failed to request the removal of deceptively labeled products from their resellers' stores.

### C. "Fraudulent" Prong

69. Defendants' claims and misleading statements were false, misleading and/or likely to deceive the consuming public within the meaning of Cal. Bus. & Prof. Code §§ 17200 *et seq*.  Defendants engaged in fraudulent acts and business practices by knowingly or negligently representing to Plaintiff, and other similarly situated consumers, whether by conduct, orally, or in writing by:

   a. Intentionally designing the product's label to conspicuously state that Bulleit Bourbon is "DISTILLED, AGED AND BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY" without accurately identifying the true distiller of its bourbon product.

   b. Intentionally allowing Defendants' resellers to use and advertise Bulleit Bourbon through the use of Defendants' labels, which contain misleading and false statements.

70. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices.  Such conduct is ongoing and continues to this date.

71. The fraudulent, unlawful and unfair business practices and false and misleading advertising of Defendants, as described above, presents a

continuing threat to consumers in that they will continue to be misled into purchasing Bulleit Bourbon under false premises.

### D. "Unfair, Deceptive, Untrue or Misleading Advertising" Prong

72. Defendants' advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that Bulleit Bourbon is "DISTILLED, AGED AND BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY" and that therefore it is of superior quality and workmanship, when in fact Bulleit Bourbon is not "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY."

73. Plaintiff, a reasonable consumer, and the public would be likely to be, and, in fact, were deceived and mislead by Defendants' advertising as they would, and did, interpret the representation in accord with its ordinary usage, that the product was distilled and or manufactured by Defendants' distillery (i.e., "THE BULLEIT DISTILLING CO.") IN LAWRENCEBURG, KENTUCKY"), when in fact it was not.

74. As a direct and proximate result of the aforementioned acts and representations of Defendants, Defendants received and continue to hold monies rightfully belonging to Plaintiff and other similarly situated consumers who were led to purchase, purchase more of, or pay more for, Bulleit Bourbon, due to the unlawful acts of Defendants.

75. Thus, Defendants caused Plaintiff and other members of the Class to purchase Bulleit Bourbon under false premises during the Class Period.

76. Defendants have engaged in unlawful, unfair and fraudulent business acts or practices, entitling Plaintiff, and putative Class members, to a judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Pursuant to Cal. Bus. & Prof. Code § 17203, as result of each and every violation of the UCL, which are continuing, Plaintiff is entitled to restitution

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

and injunctive relief against Defendants, as set forth in the Prayer for Relief.

77. Plaintiff and members of the putative Class have suffered injury in fact and have lost money or property as a result of Defendants' unfair competition, as more fully set forth herein. Plaintiff and members of the putative Class have been injured as they relied on Defendants' intentional misrepresentation and were induced into purchasing, purchasing more of, and overpaying for Bulleit Bourbon. Plaintiff and members of the Class have been injured, as had they been made aware that the product was not distilled by "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY," they would not have purchased the product, or would have paid less for it, or purchased a different product from another manufacturer.

78. Defendants, through their acts of unfair competition, have unfairly acquired monies from Plaintiff and members of the putative Class. It is impossible for Plaintiff to determine the exact amount of money that Defendants have obtained without a detailed review of the Defendants' books and records. Plaintiff requests that this Court restore these monies and enjoin Defendants from continuing to violate Cal. Bus. & Prof. Code §§ 17200 *et seq.*, as discussed above.

79. Unless Defendants are enjoined from continuing to engage in the unlawful, unfair, fraudulent, untrue, and deceptive business acts and practices as described herein, consumers residing within California will continue to be exposed to and harmed by Defendants' unfair business practices.

80. Plaintiff further seeks an order requiring Defendants to make full restitution of all monies wrongfully obtained and disgorge all ill-gotten revenues and/or profits, together with interest thereupon.

81. Plaintiff also seeks attorneys' fees and costs pursuant to, *inter alia*, California Civil Code Section 1021.5.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### THIRD CAUSE OF ACTION FOR

### NEGLIGENT MISREPRESENTATION

82. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if fully stated herein.

83. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendants represented to the public, including Plaintiff, by packaging and other means, that Bulleit Bourbon was "DISTILLED, AGED AND BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY."

84. Defendants made the representations herein alleged with the intention of inducing the public, including Plaintiff, to purchase Bulleit Bourbon.

85. Plaintiff and other similarly situated persons in California saw, believed, and relied upon Defendants' advertising representations and, in reliance on them, purchased the product, as described herein.

86. At all times relevant, Defendants made the misrepresentations herein alleged; and Defendants had no reasonable basis for believing the representations to be true.

87. As a proximate result of Defendants' negligent misrepresentations, Plaintiff and other consumers similarly situated were induced to purchase, purchase more of, or pay more for Bulleit Bourbon due to the unlawful acts of Defendants, in an amount to be determined at trial during the Class Period.

### FOURTH CAUSE OF ACTION FOR

### INTENTIONAL MISREPRESENTATION

88. Plaintiff repeats, re-alleges and incorporates herein by reference the above allegations as if fully stated herein.

89. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendants intentionally

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

represented to the public, including Plaintiff, by promoting and other means, that Bulleit Bourbon is "DISTILLED, AGED AND BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY" in the product's labeling, as described herein. Defendants' representations were untrue.

90. Defendants made the representations herein alleged with the intention of inducing the public, including Plaintiff, to purchase Bulleit Bourbon for Defendants' own financial gain.

91. The statements regarding Bulleit Bourbon being "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY" were misleading because Defendants Bulleit Bourbon is not "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY."

92. Plaintiff and other similarly situated persons in California saw, believed, and relied upon Defendants' advertising representations and, in reliance on such representations, purchased the products, as described above.

93. At all times relevant, Defendants made the misrepresentations herein alleged, allowed the misrepresentations to continue to be made by their resellers, and Defendants knew or had reason to know the representations to be false.

94. As a proximate result of Defendants' intentional misrepresentations, Plaintiff and other consumers similarly situated were induced to spend an amount of money to be determined at trial on Defendants' misrepresented product.

95. Defendants knew that their bourbon was not "Handcrafted," but nevertheless made representations that it was, with the intention that consumers rely on their representations.

96. Defendants also knew that retailers were advertising their bourbon as being "DISTILLED, AGED AND BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY," as Defendants designed, manufactured,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

and affixed the product labeling to their Bulleit Bourbon bottles before supplying the products to retailers.

97. Plaintiff and other consumers similarly situated, in purchasing and using the products as herein alleged, did rely on Defendants' representations, including the representations on the Bulleit Bourbon labels, all to their damage and/or detriment as herein alleged.

98. Plaintiff alleges the "who, what, when, where, and how" of the alleged deception by Defendants as follows:

 a. The "who" is Defendants;

 b. The "what" is representation that Defendants' Bulleit Bourbon is "DISTILLED, AGED AND BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY";

 c. The "when" is the date Plaintiff purchased the product and the Class Period of four years prior to the filing of the Complaint;

 d. The "where" is in Defendants' product labeling (*See* ¶¶ 33 and 34); and

 e. The "how" is the allegation that Defendants did not disclose that their bourbon was not "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY."

99. By engaging in the acts described above, Defendants are guilty of malice, oppression, and fraud, and each Plaintiff is therefore entitled to recover exemplary or punitive damages.

## CLASS ACTION ALLEGATIONS

100. Plaintiff and the members of the Class have all suffered injury in fact as a result of Defendants' unlawful and misleading conduct.

101. The "Class Period" means four years prior to the filing of the Complaint in this action.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

102. Plaintiff brings this lawsuit on behalf of himself and other California consumers similarly situated under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.  Subject to additional information obtained through further investigation and/or discovery, the proposed "Class" consists of:

> "All persons who purchased a red/orange label Bulleit Bourbon in the State of California within four years prior to the filing of the Complaint in this action."

Excluded from the Class are Defendants and any of their officers, directors, and employees, or anyone who purchased a red/orange label Bulleit Bourbon for the purposes of resale. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

103. *Ascertainability.* The members of the Class are readily ascertainable from Defendants' records and/or Defendants' agent's records regarding retail and online sales, as well as through public notice.

104. *Numerosity*. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed Class consists of thousands of members, if not millions.

105. *Existence and Predominance of Common Questions of Law and Fact*. Common questions of law and fact exist as to all members of the Class predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the standardized marketing, advertisements and promotions. The common legal and factual questions include, but are not limited to, the following:

    (a)   Whether Defendants' bourbon is "DISTILLED, AGED AND

BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT DISTILLING CO … IN LAWRENCEBURG, KENTUCKY";

(b)    Whether Defendants' claims and representations above are untrue, or are misleading, or reasonably likely to deceive;

(c)    Whether Defendants' conduct is an unlawful act or practice within the meaning of Cal. Bus. & Prof. Code §§ 17200 *et seq*;

(d)    Whether Defendants' conduct is a fraudulent act or practice within the meaning of Cal. Bus. & Prof. Code §§ 17200 *et seq*;

(e)    Whether Defendants' conduct is an unfair act or practice within the meaning of Cal. Bus. & Prof. Code §§ 17200 *et seq*;

(f)    Whether Defendants' advertising is unfair, deceptive, untrue or misleading within the meaning of Cal. Bus. & Prof. Code §§ 17200 *et seq*;

(g)    Whether Defendants' advertising is false, untrue, or misleading within the meaning of Cal. Bus. & Prof. Code §§ 17500 *et seq*;

(h)    Whether Defendants acted negligently or intentionally in making the misrepresentations contained in their product's label.

(i)    Whether Defendants, through their conduct, received money that, in equity and good conscience, belongs to Plaintiff and members of the Class;

(j)    Whether Plaintiff and proposed members of the Class are entitled to equitable relief, including but not limited to restitution and/or disgorgement; and

(k)    Whether Plaintiff and proposed members of the Class are entitled to injunctive relief sought herein.

106.  ***Typicality***. Plaintiff's claims are typical of the claims of the members of the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1   Class in that Plaintiff is a member of the Class that Plaintiff seeks to represent.

2   Plaintiff, like members of the proposed Class, purchased Defendants' bourbon

3   after exposure to the same material misrepresentations and/or omissions

4   appearing in the product's labeling, and received a product that was not

5   "DISTILLED   BY   THE   BULLEIT   DISTILLING   CO   …   IN

6   LAWRENCEBURG, KENTUCKY." Plaintiff is advancing the same claims

7   and legal theories on behalf of himself and all absent members of the Class.

8   Defendants have no defenses unique to the named Plaintiff.

9   107. ***Adequacy of Representation***. Plaintiff will fairly and adequately protect the

10   interests of the members of the Class. Plaintiff has retained counsel

11   experienced in consumer protection law, including class actions. Plaintiff has

12   no adverse or antagonistic interests to those in the Class, and will fairly and

13   adequately protect the interest of the Class. Plaintiff's attorneys are aware of

14   no interests adverse or antagonistic to those of Plaintiff and the proposed Class.

15   108. ***Superiority***. A Class Action is superior to all other available means for the

16   fair and efficient adjudication of this controversy. Individualized litigation

17   would create the danger of inconsistent and/or contradictory judgments arising

18   from the same set of facts. Individualized litigation would also increase the

19   delay and expense to all parties and court system and the issues raised by this

20   action. The damages or other financial detriment suffered by individual Class

21   members may be relatively small compared to the burden and expense that

22   would be entailed by individual litigation of the claims against the Defendants.

23   The injury suffered by each individual member of the proposed class is

24   relatively small in comparison to the burden and expense of individual

25   prosecution of the complex and extensive litigation necessitated by

26   Defendants' conduct. It would be virtually impossible for members of the

27   proposed Class to individually redress effectively the wrongs to them. Even if

28   the members of the proposed Class could afford such litigation, the court

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to Fed. R. Civ. P. 23(b)(3).

109. Unless the Class is certified, Defendants will retain monies received as a result of Defendants' unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendants will also likely continue to, or allow its resellers to, advertise, market, promote and package Bulleit Bourbon in an unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

110. Further, Defendants have acted or refused to act on grounds that are generally applicable to the Class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, and Plaintiff and Class members be awarded damages from Defendants as follows:

- That this action be certified as a Class Action, Plaintiff be appointed as the representatives of the Class, and Plaintiff's attorneys be appointed Class counsel;

- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendants to: (i) discontinue advertising, marketing and otherwise representing their Bulleit Bourbon as being "DISTILLED, AGED AND BOTTLED BY THE BULLEIT DISTILLING CO." and "DISTILLED BY THE BULLEIT DISTILLING CO … IN

LAWRENCEBURG, KENTUCKY" (ii) disclose the true distiller of its product; and, (iii) correct any erroneous impression consumers may have derived concerning the means of production for Bulleit Bourbon, including, but without limitation, the placement of corrective advertising and providing written notice to the public;

- An order requiring imposition of a constructive trust and/or disgorgement of Defendants' ill-gotten gains and to pay restitution to Plaintiff and all members of the Class, and to restore to Plaintiff and members of the Class all funds acquired by means of any act or practice declared by this Court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and as applicable, to prevent Defendants from retaining the benefits of their wrongful conduct;

- Prejudgment and post-judgment interest;

- Special, general, and compensatory damages to Plaintiff and the Class for negligent and/or intentional misrepresentations;

- Exemplary and/or punitive damages for intentional misrepresentations pursuant to, *inter alia*, Cal. Civ. Code § 3294;

- Costs of this suit;

- Reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5; and

- Any and all other relief that this Court deems necessary or appropriate.

///

///

///

Dated: June 1, 2015                    Respectfully submitted,

                                       KAZEROUNI LAW GROUP, APC


                                  By:  _/s/ Abbas Kazerounian_____
                                       ABBAS KAZEROUNIAN, ESQ.
                                       MONA AMINI, ESQ.
                                       ATTORNEYS FOR PLAINTIFF

### TRIAL BY JURY

111.  Pursuant to the Seventh Amendment to the Constitution of the United States

of America, Plaintiff is entitled to, and demands, a trial by jury.


Dated: June 1, 2015                    Respectfully submitted,

                                       KAZEROUNI LAW GROUP, APC


                                  By:  _/s/ Abbas Kazerounian_____
                                       ABBAS KAZEROUNIAN, ESQ.
                                       MONA AMINI, ESQ.
                                       ATTORNEYS FOR PLAINTIFF